■ In the Matter of MILDRED A. GREISE, Respondent, v. FRED C. GREISE, Appellant.— Order, Family Court, New York County, entered April 12, 1974, reversed, on the law, and motion granted and the proceeding dismissed, without prejudice to a new proceeding, without costs and without disbursements. The court did not obtain jurisdiction of the defendant (*Matter of Hoggard* v. *Hoggard,* 45 A D 2d 38). Concur — Markewich, J. P., Murphy, Steuer and Tilzer, JJ.; Kupferman, J., dissents in the following memorandum: I would

affirm. Assuming the validity of the determination in *Matter of Hoggard* v. *Hoggard* (45 A D 2d 38) cited by the majority, it has no real application to this matter. Pursuant to the Uniform Support of Dependents Law (Domestic Relations Law, art. 3-A), petitioner, a resident of Canada, initiated the instant proceeding for support of herself and three infant children in accordance with a Canadian support order in the amount of $80 weekly. In accordance with the Family Court practice, the clerk of the court mailed a summons to the appellant-husband, who ignored it on the advice of counsel. If this were all, we would have to follow *Matter of Hoggard* v. *Hoggard* (*supra*) on constraint. However, the appellant was arrested pursuant to a Family Court warrant of arrest, and incarcerated. Counsel appeared specially, and the appellant was released. Nonetheless, we now have in personam service as part of the arrest, pursuant to section 428 of the Family Court Act. (*Matter of Zivkovic* v. *Zivkovic*, 44 A D 2d 558, mot. for lv. to app. granted 34 N Y 2d 514.)